IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-315-CR




HEATHER C. COX,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY



NO. 345,415, HONORABLE DAVID PURYEAR, JUDGE PRESIDING



 




 Appeal is taken from a conviction for the misdemeanor offense of driving while
intoxicated. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (Supp. 1992). Trial was before the court
upon a plea of not guilty. Punishment was assessed at sixty days' confinement and a fine of one
thousand dollars. Confinement and fine were probated for a period of two years.

 Appellant asserts two points of error. In her first point of error, appellant contends
that the trial court erred in refusing to suppress the results of a breath test due to the fact that the
warnings required by Tex. Rev. Civ. Stat. Ann. art. 6701l-5 (Supp. 1992) were not given before
requesting that she take the breath test. In her remaining point of error, appellant urges that the
trial court erred in finding that the appellant's consent to take the breath test was not coerced. We
overrule appellant's points of error and affirm the judgment of the trial court.

 Austin police officer Joyce Neff was the only witness to testify at the pretrial
hearing on the motion to suppress. The transcript of this hearing was introduced by agreement
of the parties and constitutes the entire testimony at trial. The breath test, admitted by stipulation,
reflects that appellant had an alcohol concentration of 0.216.

 Officer Neff observed a vehicle traveling on South First Street with only its parking
lights on around midnight on October 12, 1990. Before Neff was able to turn the patrol car and
stop the vehicle she observed it strike the curb and overcorrected by entering the oncoming lane. 
Appellant, the only occupant in the vehicle, possessed all the characteristics consistent with
intoxication. She expressed appreciation for being arrested, stating that she knew she was too
intoxicated to drive and did not want to wreck her car. Appellant told Neff that she was either
on San Antonio Street or in the City of San Antonio when she was stopped.

 On the way to the police station Neff asked the appellant "if she'd be willing to take
the breath test . . . that I needed to know because . . . I would have to get an officer down there
to administer the test." Appellant was advised that if she refused to take the breath test, "a video
would be done and she'd be booked into jail for D.W.I." Appellant agreed to take the test. It is
agreed that appellant was given the warning prescribed by Tex. Rev. Civ. Stat. Ann. art. 6701l-5
(Supp. 1992) at the station house before she again consented to take the breath test and the test
was administered.

 The issues presented in this cause were addressed in our opinion handed down this
day in Ewerokeh v. State, No. 3-91-425-CR (Tex. App.--Austin, August 12, 1992). Our holding
in Ewerokeh is adverse to appellant's contentions. Appellant's points of error are overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices Jones and Davis*]

Affirmed

Filed: August 12, 1992

[Do Not Publish]


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).